Michael Adams (SBN 185835)
madams@rutan.com
Damon Mircheff (SBN 216257)
dmircheff@rutan.com
Proud Usahacharoenporn (SBN 278204)
pusaha@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
NEW LEAF INNOVATIONS INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW LEAF INNOVATIONS INC., a California corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>NEW LEAF LABS, LLC, a California limited liability company; NOTPOPULAR, LLC, a California limited liability company; and DOES 1 through 10, Inclusive,<br><br>           Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL SERVICE MARK INFRINGEMENT [15 U.S.C. § 1114(1)(a) AND (b)];**<br>2. **FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];**<br>3. **TRADE NAME OR SERVICE MARK DILUTION [15 U.S.C. § 1125(c)(1)];**<br>4. **INJURY TO BUSINESS REPUTATION AND DILUTION [CAL. BUS. & PROF. CODE § 14330];**<br>5. **COMMON LAW UNFAIR COMPETITION AND SERVICE MARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

Plaintiff New Leaf Innovations Inc. ("Plaintiff"), for its Complaint against the above-named defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. section 1338(a) as this action arises under the Lanham Act, 15 U.S.C. sections 1114, 1125(a), and 1125(c)(1) as well as under pendent jurisdiction under 28 U.S.C. section 1367.

2. Venue is proper in the Central District of California under 28 U.S.C. section 1391(b) and (c) because defendants reside in this judicial district, a substantial part of the events, omissions and acts that are the subject matter of this action occurred within the Central District of California, and defendants are subject to personal jurisdiction and may be found in this district.

## PARTIES

3. Plaintiff is a corporation organized and existing under the laws of the State of California, located and doing business at 8 Rancho Circle, Lake Forest, California.

4. On information and belief, defendant New Leaf Labs, LLC ("New Leaf Labs") is a California limited liability company with its principal place of business at 1255 W. Colton Avenue, #523, Redlands, California.

5. On information and belief, defendant Notpopular, LLC ("Notpopular") is a California limited liability company with its principal place of business at 1255 W. Colton Avenue, #523, Redlands, California.

6. Although New Leaf Labs is a registered California limited liability company, it represents itself as a fictitious business name of Notpopular. Specifically, defendants Notpopular and New Leaf Labs publicly represent themselves as "Notpopular, LLC dba New Leaf Labs Limited Liability Company." Accordingly, although Notpopular and New Leaf Labs are registered as distinct legal entities, Plaintiff is informed and believes that they are in fact a single business unit, owned and operated by the same person, and are liable for one another's

conduct alleged herein.

7. On information and belief, Plaintiff alleges that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Plaintiff for the damages and relief sought herein.

8. On information and belief, Plaintiff alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other defendants.

9. The identities of the individuals and entities named as Doe defendants herein are not presently known, but Plaintiff will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

## NATURE OF THE CASE

10. Plaintiff seeks injunctive relief, damages, attorneys' fees and costs against defendants for service mark infringement under 15 U.S.C. section 1114(1)(a) and (b); false designation of origin and/or sponsorship under 15 U.S.C. section 1125(a); dilution under 15 U.S.C. section 1125(c); injury to business reputation and dilution under California Business and Professions Code section 14330; and common law trademark and trade name infringement, and unfair competition.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff is the owner of the mark NEWLEAF, U.S. service mark Registration No. 4,922,412, used in connection with website development services in International Class 42. A copy of this registration is attached hereto as Exhibit A.

12. On information and belief, at all relevant times hereto, defendants have been and are in the business of providing website development services using the NEWLEAF mark or a service mark that is confusingly similar to the NEWLEAF

mark. On information and belief, defendants use the NEWLEAF mark in conducting and promoting their business, including, without limitation, using the NEWLEAF mark as a trade name and on their websites, social media and other marketing materials.

13. Plaintiff used the NEWLEAF mark before defendants used that same mark or a mark confusingly similar. Plaintiff is thus the senior user of the NEWLEAF mark.

14. Defendants are not authorized to use the NEWLEAF mark in connection with their services, nor are defendants affiliated with Plaintiff.

15. Plaintiff sent cease-and-desist letters to defendants on June 1, June 24, and August 12, 2016, giving notice of Plaintiff's ownership of its federally registered service mark and demanding that defendants immediately cease and desist from all uses of Plaintiff's mark in connection with their services.

16. Despite demand having been made, defendants have failed to cease and desist from all uses of Plaintiff's mark in connection with their services. Defendants continue to use Plaintiff's marks in promoting their business.

### FIRST CLAIM FOR RELIEF

**(Federal Service Mark Infringement – 15 U.S.C. § 1114(1)(a) and (b))**

17. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16 above, inclusive, as though fully set forth herein.

18. Plaintiff is the owner of a federal service mark registration and specifically asserts ownership of the following:

| Registration No. | Mark | Date of Registration |
|---|---|---|
| 4,922,412 | NewLeaf | March 22, 2016 |

19. Plaintiff first used the NEWLEAF mark of Registration No. 4,922,412 in connection with website development services at least as early as March 2010 and has continuously used the mark in connection with the services specified in the

registration up to the present. Thus, before the acts complained of herein, members of the general consumer population in the United States have recognized the NEWLEAF mark as an exclusive source identifier for website development services originating from Plaintiff.

20. Plaintiff's registered NEWLEAF mark is valid and subsisting and remains in full force and effect as evidence of the validity thereof and Plaintiff's ownership of the mark in connection with the services specified in the registration.

21. Defendants' use of Plaintiff's NEWLEAF mark in interstate commerce in connection with their services is causing and will continue to cause a likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the goods and services offered by defendants; (b) the affiliation, connection, and association of Plaintiff with defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by defendants, all in violation of the Lanham Act, 15 U.S.C. sections 1114(1)(a) and (b).

22. Defendants are now committing the acts complained of above and have continued to do so in defiance of Plaintiff's requests that they cease such acts.

23. Defendants' acts and conduct constitute federal service mark infringement that has caused and, unless restrained and enjoined by this Court, will continue to cause a likelihood of consumer confusion, mistake, and deception.

24. On information and belief, defendants' acts of service mark infringement in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

25. Plaintiff is entitled to damages as a result of defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is also entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition by False Designation of Origin – 15 U.S.C. § 1125(a))

26. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 25 above, inclusive, as though fully set forth herein.

27. Defendants, either independently or through collaboration with one another, are using Plaintiff's NEWLEAF mark in connection with their services.

28. On information and belief, defendants use Plaintiff's NEWLEAF mark in commerce, which use has been done with the deliberate intent of capitalizing and trading on the good will and reputation of Plaintiff.

29. The use in commerce of Plaintiff's NEWLEAF mark by defendants will tend to cause and, on information and belief, has caused the relevant public and trade to believe erroneously that defendants' services are associated, authorized, sponsored, or controlled by Plaintiff.

30. Defendants' use in commerce of Plaintiff's NEWLEAF mark in connection with their services constitutes a false designation of the origin and/or sponsorship of such goods and services and falsely describes and represents such goods and services.

31. By their acts as alleged herein, defendants have falsely designated and represented goods and services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the good will of Plaintiff to sell defendants' own goods and services and have otherwise competed unfairly with Plaintiff.

32. On information and belief, defendants are now committing the acts complained of above and have continued to do so in defiance of Plaintiff's requests that they cease such acts.

33. Defendants, after due notice, have displayed a willful course of conduct toward appropriation and destruction of Plaintiff's rights in and to Plaintiff's NEWLEAF mark.

34. Defendants' wrongful acts and conduct as alleged herein have permitted or will permit them to generate substantial sales and profits on the strength of Plaintiff's substantial advertising, sales, consumer recognition, and good will in connection with Plaintiff's marks.

35. As a result of defendants' wrongful acts alleged herein, Plaintiff has suffered and will continue to suffer monetary damage in an amount not thus far determined.

36. On information and belief, defendants' acts of unfair competition by false designation of origin in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

37. Defendants' acts and conduct constitute unfair competition that has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff's good will and business reputation.

38. Plaintiff is entitled to damages as a result of defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is entitled to injunctive relief.

### THIRD CLAIM FOR RELIEF

**(Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1))**

39. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 38 above, inclusive, as though fully set forth herein.

40. Plaintiff's trade name and service mark was used in commerce before defendants' adoption and use of Plaintiff's mark in connection with their services.

41. Plaintiff's trade name and service mark have become famous because of continuous use by Plaintiff in connection with website development services,

such fame occurring before defendants' adoption and use of Plaintiff's mark in connection with their services.

42.  Defendants use Plaintiff's mark in promoting their services in the same trade areas and channels of trade in which Plaintiff's trade name and service mark are recognized and famous.

43.  On information and belief, defendants' use of Plaintiff's mark has lessened the capacity of Plaintiff's famous trade name and service mark to identify and distinguish Plaintiff's goods and services.

44.  On information and belief, defendants' acts and conduct as alleged herein have tarnished the reputation and recognition of Plaintiff's famous trade name and service mark by the low quality of defendants' services.

45.  On information and belief, defendants' acts of trade name or service mark dilution in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

46.  Plaintiff has no adequate remedy at law and is being irreparably damaged by dilution of its famous mark, in violation of 15 U.S.C. section 1125(c). Therefore, Plaintiff is entitled to injunctive relief.

## FOURTH CLAIM FOR RELIEF

### (Injury to Business Reputation and Dilution – Cal. Bus. & Prof. Code § 14330)

47.  Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 46 above, inclusive, as though fully set forth herein.

48.  Plaintiff is the owner of a mark that is distinctive and famous in the State of California.

49.  On information and belief, defendants have used and continue to use

Plaintiff's famous mark after the mark became famous, which use dilutes the distinctive quality of Plaintiff's mark.

50. On information and belief, defendants' actions described herein were taken and continue to be taken with full knowledge that such actions would and do dilute Plaintiff's mark and with the intention to cause dilution of the mark.

51. As a result of the actions described herein, defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

52. Plaintiff has no adequate remedy at law and is being irreparably damaged by defendants' acts in violation of California Business & Professions Code section 14330.

### FIFTH CLAIM FOR RELIEF
### (Common Law Trade Name and Service Mark Infringement, and Unfair Competition)

53. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 52 above, inclusive, as though fully set forth herein.

54. Defendants' actions and conduct as alleged herein constitute unfair competition under California common law.

55. Defendants' actions and conduct in adopting and using Plaintiff's mark in California constitute service mark infringement under California common law.

56. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

57. Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by defendants' acts in violation of California common law, entitling Plaintiff to injunctive relief.

58.     Defendants' actions and conduct as alleged herein are malicious and fraudulent and entitle Plaintiff to punitive damages under Civil Code section 3294.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment against defendants, and each of them, as follows:

1.      That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the designation NEWLEAF or any other confusingly similar name, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any website development services and other related services at any locality in the United States;

2.      That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the designation NEWLEAF or any other confusingly similar name, in any form or manner that would tend to identify or associate defendants' business or services with Plaintiff;

3.      For an order requiring defendants to deliver to Plaintiff's attorney within thirty (30) days after the entry of any preliminary or permanent injunction, to be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the infringing designation NEWLEAF or any other confusingly similar name;

4.      For an order requiring defendants to remove from their business

premises, websites and social media within thirty (30) days after the entry of any preliminary or permanent injunction, all instances of the name NEWLEAF or any other confusingly similar name, and to destroy all molds, plates, masters, or means of creating the infringing items;

5. For an order requiring defendants to instruct, within thirty (30) days after the entry of any preliminary or permanent injunction, any print directory, Internet directory, or website that they have caused to carry the name NEWLEAF or any other confusingly similar name, to cease using such names at the earliest possible date;

6. For an order requiring defendants to file with the Clerk of this Court and serve Plaintiff, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with 1 through 5 above;

7. For an order requiring defendants to account for all profits made by defendants and to hold all such profits in constructive trust for the benefit of Plaintiff;

8. For an award of defendants' profits and Plaintiff's damages in an amount not yet ascertained according to proof at trial;

9. For an award of three times Plaintiff's damages or defendants' profits in view of the intentional and willful nature of defendants' acts, pursuant to 15 U.S.C. section 1117;

10. For an award of punitive damages according to proof;

11. For an award of reasonable attorneys' fees under 15 U.S.C. section 1117;

12. For an award of pre- and post-judgment interest at the highest rate allowed by law;

13. For an award of costs and disbursements incurred in this action; and

14. For such further relief as this Court shall deem just and proper.

| | |
|---|---|
| Dated: October 7, 2016 | RUTAN & TUCKER, LLP<br><br>By: _____/s/ Michael Adams_____<br>　　　Michael Adams<br>　　　Attorneys for Plaintiff<br>　　　NEW LEAF INNOVATIONS INC. |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

Dated: October 7, 2016

RUTAN & TUCKER, LLP

By: /s/ Michael Adams
Michael Adams
Attorneys for Plaintiff
NEW LEAF INNOVATIONS INC.